THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere
Leonard E. Seaman
Attorneys for Plaintiff, David J. Lorenzo

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID J. LORENZO<br><br>Plaintiffs,<br><br>v.<br><br>THE BOROUGH OF PALISADES PARK, NEW JERSEY; CHONG PAUL KIM (individually and in his official capacity as Mayor of the Borough of Palisades Park, New Jersey); and SUK "JOHN" MIN (individually and in his official capacity as a member of the Borough Council of Palisades Park, New Jersey)<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, David J. Lorenzo, as and for his complaint against defendants, the Borough of Palisades Park, New Jersey; Chong Paul Kim (individually and in his official capacity as Mayor of the Borough of Palisades Park, New Jersey); and Suk "John" Min (individually and in his official capacity as a member of the Borough Council of Palisades Park, New Jersey) alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, David J. Lorenzo, is an individual residing within the State of New Jersey. Mr. Lorenzo is the Borough Administrator of the Borough of Palisades Park, New Jersey and the president of the Palisades Park Democratic Club (the "Democratic Club"), a duly formed "continuing political committee" within the meaning of N.J.S.A. 19:44A-3(n).

2. Defendant, the Borough of Palisades Park, New Jersey (the "Borough") a body corporate and politic within the State of New Jersey with its principal place of business at 275 Broad Ave, Palisades Park, New Jersey 07650.

3. Defendant, Chong Paul Kim ("Mayor Kim"), currently serves as the Mayor of the Borough. Mayor Kim is sued both individually and in his official capacity. Mayor Kim is a resident of the Borough and acts or otherwise does business at 275 Broad Ave, Palisades Park, New Jersey 07650.

4. Defendant, Suk "John" Min ("Councilman Min"), currently serves as a member of the Borough Council for the Borough. Councilman Min is sued both individually and in his official capacity. Councilman Min's current term as a council member is due to expire on December 31, 2023. Councilman Kim is currently serving an unexpired council term and is a candidate for re-election to Brough Council in the November 2023 general election in which early voting is ongoing and which will conclude at the close of in person voting on November 7, 2023.

Councilman Min is a resident of the Borough and acts or otherwise does business at 275 Broad Ave, Palisades Park, New Jersey 07650.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 over all claims alleged in Count One and Count Two as they arise under the Constitution and laws of the United States including 42 U.S.C. §§ 1983 and 1985.

6. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 over all other claims as they are so related to the claims within original jurisdiction that they form the same case or controversy under Article III of the Constitution.

7. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1) and (2) as all defendants reside in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff has been employed by the Borough prior to 2007 and has held the position of Borough Administrator since 2008. At all times during his employment, plaintiff has met or exceeded job performance expectations and has received exemplary performance reviews as reflected in salary increases over the years.

9. As part of its political activities in matters of public concern, the Democratic Club supports, endorses, and campaigns on behalf of selected candidates for elected office within the Borough.

10. At various times prior to November 2, 2023, the Democratic Club supported, endorsed, and campaigned for Councilman Min in his bid to be reelected to the Borough Council in the 2023 general election.

11. However, at some time thereafter and prior to November 2, 2023, the Democratic Club chose to withdraw is support and endorsement of Councilman Min and cease campaigning on behalf of Councilman Min because the Democratic Club and its individual members, including, but not limited to Plaintiff, determined that Councilman Min lacked the skills and fitness to serve on the Borough Council and was prepared to act on political views in a manner contrary to the views and goals of the Democratic Club.

12. As a result of the foregoing, plaintiff directed that campaign signs placed throughout the Borough by the Democratic Club bearing the name of Councilman Min along with the names of two other candidates for the Borough Council be altered with "duct tape" to obscure Councilman Min's name to indicate the withdrawal of the Democratic Club's endorsement and support for him. An example of a yard sign after that was done appears below.



13. Mayor Kim is a political ally and supporter of Councilman Min.

14. To retaliate against plaintiff for his exercise of his political speech, expression, and association Mayor Kim and Councilman Min conspired and otherwise acted in concert with each other to improperly and unjustifiably alter the terms of plaintiff's employment as Borough Administrator of the Borough.

15. Mayor Kim—in concert with Councilman Min—called for and held a special meeting of the governing body of the Borough on November 2, 2023 to punish the plaintiff for his exercise of political speech.

16. During that special meeting Mayor Kim and Councilman Kim lodged a series of unfounded, false, and fraudulent allegations against plaintiff related to his performance of his job duties. None of the allegations—even if established—would

support or justify any alteration in the terms of plaintiff's employment with the Borough.

17. Based solely on those false and pretextual allegations of misconduct, Mayor Kim and Councilman Min along with two Republican members of the Borough Council proposed a resolution to suspend plaintiff from his position of Borough Administrator.

18. The members of the Borough Council voted 3 for and 1 against adoption of the resolution with Councilman Min and the two Republican councilmembers voting in favor.

19. Based on the votes cast—including those of Councilman Min—the resolution was adopted and became an official act of the Borough.

20. The action of governing body of the Borough implemented and/or executed a policy statement or decision officially adopted by the Borough's officers in violation of plaintiff's civil rights including, but not limited to his freedom of speech, expression, and association on a matter of public concern.

## FIRST COUNT
### RETAILIATION UNDER COLOR OF STATE LAW ON ACCOUNT OF CONSTITUTIONALLY PROTECTED SPEECH OR EXPRESSION
(Borough of Palisades Park, Chong Paul Kim, and Suk "John" Min)
(42 U.S.C. § 1983)

21. Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

22. 42 U.S.C. § 1983 provides, among other things, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

23. Plaintiff's actions in concealing and/or directing others to conceal the name of Councilman Min from election campaign lawn signs and actively campaigning against Councilman Min were speech, or expression, and/or association on a matter of public concern.

24. Plaintiff's actions in concealing and/or directing others to conceal the name of Councilman Min from election campaign lawn signs was not in any way related to his job responsibilities as Borough Administrator.

25. Plaintiff suffered an adverse employment action through the actions of defendants.

26. Plaintiff's speech, expression, and/or association was a substantial motivating factor in the adverse employment action.

27. Defendants' actions caused or subjected plaintiff to a deprivation of his rights, privileges, or immunities secured by the Constitution including, but not

limited to, his right to speak or express his political views and opinions, and/or associate with others based on those political views.

28. Defendants' actions were taken under color of a statute, ordinance, regulation, custom, or usage, of the State of New Jersey and/or the Borough of Palisades Park.

29. Plaintiff has been damaged thereby.

**WHEREFORE**, plaintiffs demand judgment against defendants the Borough of Palisades Park, Chong Paul Kim, and Suk "John" Min, for:

a) Compensatory damages;

b) Nominal damages;

c) Punitive damages;

d) Interest;

e) Costs of suit;

f) Attorneys' fees; and

g) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (Chong Paul Kim, and Suk "John" Min)
### (42 U.S.C. § 1985)

30. Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

31. Mayor Kim and Councilman Min, in or about the State of New Jersey, conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the State of New Jersey with intent to deny to plaintiff the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

32. Mayor Kim, Councilman Min, and others, in or about the State of New Jersey, conspired for the purpose of depriving plaintiff, either directly or indirectly, equal protection of the laws, or of equal privileges and immunities under the laws.

33. Upon information and belief, Mayor Kim, Councilman Min, and others discussed at meetings in person and/or through electronic communications including telephone calls, emails, and text messages their plan and agreement to call for and participate in a meeting of the governing body of the Borough to take action against plaintiff in retaliation for his exercise of his constitutionally protected rights of speech, expression, and/or association on matters of public concern and agreed to act together and in concert with each other to accomplish their goals.

34. Mayor Kim and Councilman Min did or caused to be done acts in furtherance of the object of their conspiracy, including, but not limited to, calling for the November 2, 2023 special meeting of the Borough Council for the purpose of violating plaintiff's civil rights, attending that special meeting, and/or proposing,

seconding, and/or casting votes on the resolution to suspend plaintiff from his position as Borough Administrator.

35. Plaintiff has been damaged thereby.

**WHEREFORE**, plaintiffs demand judgment against defendants Chong Paul Kim, and Suk "John" Min, for:

a) Compensatory damages;

b) Nominal damages;

c) Punitive damages;

d) Interest;

e) Costs of suit;

f) Attorneys' fees; and

g) Such other relief as the Court deems equitable and just.

### THIRD COUNT
### COMMON LAW CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (Chong Paul Kim, and Suk "John" Min)

36. Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

37. Mayor Kim, Councilman Min, and others conspired for the purpose of committing acts in violation of 42 U.S.C. §§ 1983 and 1985 to damage plaintiff.

38. Upon information and belief, Mayor Kim, Councilman Min, and others discussed at meetings in person and/or through electronic communications including

telephone calls, emails, and text messages their plan and agreement to call for and participate in a meeting of the governing body of the Borough to take action against plaintiff in retaliation for his exercise of his constitutionally protected rights of speech, expression, and/or association on matters of public concern and agreed to act together and in concert with each other to accomplish their goals.

39. Mayor Kim and Councilman Min did or caused to be done acts in furtherance of the object of their conspiracy, including, but not limited to, calling for the November 2, 2023 special meeting of the Borough Council for the purpose of violating plaintiff's civil rights, attending that special meeting, and/or proposing, seconding, and/or casting votes on the resolution to suspend plaintiff from his position as Borough Administrator.

40. The acts of Mayor Kim and Councilman Min had an unlawful purpose, including, but not limited to damaging plaintiff for his exercise of constitutionally protected rights of speech, expression, and association.

41. Plaintiff was damaged thereby.

**WHEREFORE**, plaintiffs demand judgment against defendants Chong Paul Kim, and Suk "John" Min, for:

    a) Compensatory damages;

    b) Punitive damages;

    c) Interest;

    d)  Costs of suit;

    e)  Attorneys' fees; and

    f)  Such other relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

>  /s/ Richard Malagiere  
> RICHARD MALAGIERE  
> LEONARD E. SEAMAN  
> THE LAW OFFICES OF RICHARD MALAGIERE  
> A Professional Corporation  
> 250 Moonachie Road, Suite 300A  
> Moonachie, New Jersey 07074  
> Tel. (201) 440-0675  
> rm@malagierelaw.com  
> les@malagierelaw.com

DATED: November 3, 2023