

Mark J. Semeraro, Esq.
R. Scott Fahrney, Esq.
Dustin F. Glass, Esq.,
Stephen G. Piccininni, Esq.
Sean D. Dias, Esq., *Of Counsel*
Scott L. Carlson, Esq., *Of Counsel*

155 Route 46, Suite 108
Wayne, New Jersey 07470
Telephone: 973-988-5070
Facsimile: 973-988-5533

90 E. Halsey Road, Suite 333
Parsippany, New Jersey 07054
Telephone: 973-988-5070

Reply to:
R. Scott Fahrney, Esq.
sfahrney@semerarolaw.com
Direct Dial: 973-988-5886

February 16, 2024

**VIA ECF**
Hon. Claire C. Cecchi, U.S.D.J.
US District Court for the District of New Jersey
Court Room MLK5B
Newark, New Jersey

Re:   **David Lorenzo v. Borough of Palisades Park et. al.**
Case No.: 2:23-cv-21849

Dear Judge Cecchi:

Please accept this correspondence in response to Plaintiff's Counsel's self-serving letter dated February 16, 2024.

First, the termination of Plaintiff's employment was wholly unrelated to this litigation or any type of discrimination. Furthermore, since Counsel has taken the liberty to advocate for his client on what should simply be a procedural base letter, I must note that this termination was in no way related to any discrimination.

The truth of the matter is that the Plaintiff held the position of administrator, at the pleasure of the Governing body, as per N.J.S.A. §40A:9-137 . The Borough terminated the Plaintiff simply because they wished to make a change in administration. Moreover, I take exception to the hyperbole of distastefully and cavalierly using the term "ethnic cleansing", especially at a time where we see that actually taking place elsewhere in the world.

The Plaintiff's attorney has given no good reason for me to withdraw my client's motion. The motion to dismiss is grounded in law and the claims already filed must be dismissed. If the Plaintiff does not wish to oppose the motion, he simply should withdraw his complaint and if he believes he has a basis to file a new complaint he is free to do so.

If your Honor wishes to conference this issue, I am available to do so.

Very truly yours,

R. Scott Fahrney, Esq.