UNITED STATES DISCRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID LORENZO**<br>*Plaintiff,*<br><br>V.<br><br>**THE BOROUGH OF PALISADES PARK, NEW JERSEY; CHONG PAUL KIM (individually and in his official capacity as Mayor of the Borough of Palisades Park, New Jersey); and SUK "JOHN" MIN (individually and in his official capacity as a member of the Borough Council of Palisades Park, New Jersey**<br><br>*Defendants.* | Civ. No.: 2:23-CV-21849-CCC-JRA |

## BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSED MOTION TO FILE A FIRST AMENDED COMPLAINT

>Richard Malagiere
>Leonard E. Seaman
>THE LAW OFFICES OF RICHARD MALAGIERE
>A PROFESSIONAL CORPORATION
>250 Moonachie Road, Suite 300A
>Moonachie, New Jersey 07074
>(201) 440-0675
>Attorneys for Plaintiff, David Lorenzo

# **TABLE OF CONTENTS**

STATEMENT OF FACTS ............................................................................. 3

LEGAL ARGUMENT..................................................................................... 4

   THE MOTION TO AMEND SHOULD BE GRANTED ........................... 4

CONCLUSION................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Cases**

*257 Elizabeth Ave., LLC. v. Cont'l Cas. Co.*,
  No. 12-4091-JAD, 2016 WL 452311 (D.N.J. Feb. 5, 2016) ........... 4

*Arab African Int'l Bank v. Epstein*,
  10 F.3d 168 (3d Cir. 1993) ................................................................. 4

*Del Sontro v. Cendant Corp.*,
  223 F. Supp. 2d 563 (D.N.J. 2002) ................................................... 4

*Foman v. Davis*,
  371 U.S. 178 (1962) ..................................................................... 4, 5

*Monell v. Department of Social Services*,
  436 U.S. 658 (1978) ......................................................................... 5

**Rules**

*Fed R. Civ. P.* 15(a)(2) ............................................................................ 4

ii

## STATEMENT OF FACTS

Plaintiff David J. Lorenzo was an employee of defendant Palisades Park since 2007. In 2008 Lorenzo became the borough administrator of Palisades Park. On November 3, 2023 plaintiff David J. Lorenzo filed his complaint alleging he was retaliated against by defendant, Chong Paul Kim, who is the current mayor of the Borough and defendant by defendant, SUK "JOHN" MIN, a member of the Borough council. The complaint alleges that the impetus for the retaliation was Mr. Lorenzo's protected, First Amendment, political activity as a citizen and the president of the Palisades Park Democrat Club in its campaign against Councilman Min's bid for another term on the council in the November 2023 general election.

Since this action was filed defendants escalated their retaliatory tactics against plaintiff. This culminated plaintiff's termination from his position as borough administrator on or about February 13, 2024.

As alleged in the proposed first amended complaint, the actions and statements of Mayor Kim, Councilman Min and two proposed new defendants, Stephanie Jang and Jae Park, who are also members of the Borough council, demonstrate that plaintiff was discharged for illegal reasons. Plaintiff alleges that defendants retaliated against him for his exercise of his First Amendment

rights and/or fired him because of his ethnic background and heritage as an Italian American.

## LEGAL ARGUMENT

### THE MOTION TO AMEND SHOULD BE GRANTED

*Federal Rule of Civil Procedure* 15 requires either opposing parties' consent or the court's leave to amend pleadings. *Fed R. Civ. P.* 15(a)(2). As set forth in the accompanying Declaration of Leonard E. Seaman, plaintiff sought consent from defendants for this amendment, but, to date, consent to amend has not been provided (Declaration of Leonard E. Seaman ¶¶ 5-7).

The standard to grant a motion for leave is liberal, as *Rule* 15(a)(2) reads, "the court should freely give leave when justice so requires." *Id.*; see also *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded.") Generally, there is a presumption in allowing a moving party to amend its pleadings. See *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002). Still, "the decision to grant or deny leave to amend under *Rule* 15(a) is committed to the sound discretion of the district court." *257 Elizabeth Ave., LLC. v. Cont'l Cas. Co.*, No. 12-4091-JAD, 2016 WL 452311 (D.N.J. Feb. 5, 2016) (quoting *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993) (internal quotations omitted)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment., etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. at 182.

Here, Plaintiff moves to file the first amended complaint to add claims and defendants. The defendants to be added are Councilwoman Stephanie Jang and Councilman Jae Park. The proposed pleading also adds additional facts relating to defendants' retaliatory actions against plaintiff which addresses some of the purported pleading deficiencies raised in defendants motion to dismiss plaintiff's complaint. The complaint also seeks to delete the existing Count Two (Conspiracy to Violate Civil Rights) while adding three new counts. The new counts are Governmental Policy or Procedure to Violate Civil Rights under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (the "new" Count Two); Violation of New Jersey Law Against Discrimination (Count Four); and Aiding and abetting New Jersey Law Against Discrimination.

Here, facts that did not exist at the time of filing of the plaintiff's complaint have come to light. Namely, plaintiff was terminated for illegal purposes such as protected political activity and in violation of relevant employment laws. Here, justice requires the granting plaintiff's motion. The facts were not known to plaintiff and could not have been pleaded at the time of

filing in November 2023. Simply put, plaintiff could not have pleaded claims at that time based on conduct that would happen after that. It is clear, therefore, that no undue delay, bad faith or dilatory motive on plaintiff's part contributed to him not seeking to amend his pleading sooner. Amendment of the pleading—at this early stage of this litigation serves the interests of justice, and, therefore, this motion should be granted.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to amend its complaint should be granted.

s/ Leonard E. Seaman
Richard Malagiere
Leonard E. Seaman
The Law Offices of Richard Malagiere, P.C.
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Attorneys for Plaintiff, David Lorenzo

DATED: March 21, 2024