**THE LAW OFFICES OF RICHARD MALAGIERE**
A Professional Corporation
250 Moonachie Road, 3rd Floor, Suite 300-A
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere Attorney ID: (037951996)
Leonard E. Seaman Attorney ID: (035021990)
Giancarlo Ghione Attorney ID: (294482020)
Attorneys for Plaintiff, David Lorenzo

**UNITED STATE DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID LORENZO<br>　　　*Plaintiff,*<br><br>v.<br><br>THE BOROUGH OF PALISADES PARK, NEW JERSEY; CHONG PAUL KIM (individually and in his official capacity as Mayor of the Borough of Palisades Park, New Jersey); and SUK "JOHN" MIN (individually and in his official capacity as a member of the Borough Council of Palisades Park, New Jersey<br>　　　　　　*Defendants.* | Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. José R. Almonte, U.S.M.J.<br><br>Civ. No.: 2:23-CV-21849-CCC-JRA<br>　　<u>CIVIL ACTION</u><br><br>**PROPOSED JOINT DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    Richard Malagiere
    Leonard E. Seaman
    THE LAW OFFICES OF RICHARD MALAGIERE
    A Professional Corporation

1

250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
T: (201) 440-0675
F: (201) 440-1843
*Attorneys for Plaintiff*

Mark J. Semeraro
R. Scott Fahrney
SEMERARO & FAHRNEY, LLC
155 Route 46, Suite 108
Wayne, New Jersey 07470
TEL. (973) 988-5070
Email sfahrney@semerarolaw.com
Attorneys for Defendants
*Attorneys for Defendants*

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

**PLAINTIFF'S POSITION**

Plaintiff, David Lorenzo, was the Borough Administrator for the Borough of Palisades Park. He is also the president of the Palisades Park Democratic Club. Defendants are the Borough of Palisades Park, its mayor, Chong Paul Kim, and one of its council members, Suk "John" Min.

Initially, the Democratic Club supported Councilman Min's candidacy for election to another term on the Borough council in the 2023 general election and placed lawn signs throughout the Borough bearing his name. At some time before October 17, 2023, the Democratic Club withdrew its support of Councilman Min. As part of Mr. Lorenzo's political activity in his role as Democratic Club president, he placed duct tape over Councilman Min's name on those signs and directed other Democratic Club members to do the same.

Mayor Kim, a political ally of Councilman Min, called for a special meeting of the governing body of the Borough and held that meeting on November 2, 2023. That special meeting was later determined by a New Jersey Superior Court Judge to have been illegal under the New Jersey Open Public Meetings Act. At that illegal meeting, Mr. Lorenzo was suspended from his position as Borough Administrator. Mayor Kim called for and conducted a second special

meeting on December 31, 2023 where the governing body adopted a second resolution suspending Mr. Lorenzo.

Since this action was filed, defendants conducted a third meeting on the issue of Mr. Lorenzo's employment on January 19, 2024 where Mr. Lorenzo was fired as Borough Administrator.

Plaintiff filed a motion to amend the complaint on March 21, 2024 to address the events subsequent to the filing of the complaint. The proposed amended complaint would add additional claims and additional parties.

In the proposed first amended complaint, plaintiff makes claims: (1) against defendants Kim and Min under 42 *U.S.C.* § 1983 for retaliation based on plaintiff's first amendment activity and for common law conspiracy; (2) against the Borough under Monell v. Department of Social Services, 436 U.S. 658 (1978); (3) claims under the New Jersey Law Against Discrimination against the Borough for racial discrimination; and (4) NJLAD aiding and abetting claims against defendants Kim and Min and against two proposed new defendants, council member, Stephanie Jang, and former council member, Jae Park.

**DEFENDANTS' POSITION**

Plaintiff's Complaint initially alleged claims of (1) Retaliation for First Amendment Protected Speech against defendants, Palisades Park, Kim and Min under 42 U.S.C. § 1983 2) §1985 Conspiracy claims against Palisades Park, Kim and Min, and 3) common law conspiracy claims against Palisades Park, Kim and Min.

On December 31, 2023, the Borough and Council held a special meeting where the governing body adopted a resolution placing Mr. Lorenzo on administrative leave retroactive to November 2, 2023 with pay and full benefits pending the outcome of investigations as to his actions as Borough Administrator.

Since the filing of the complaint, Plaintiff has been terminated from his position as Borough Administrator.

3

Plaintiff filed a motion to amend the complaint on March 21, 2024 to address the events subsequent to the filing of the initial complaint. The proposed amended complaint would add additional claims and additional parties.

Defendant's renew their Motion to Dismiss and shall file an opposition brief as directed by the Court in Docket Entry No.: 12.

In the proposed first amended complaint, plaintiff makes claims: (1) against defendants Kim and Min under 42 U.S.C. § 1983 for retaliation based on plaintiff's first amendment activity and for common law conspiracy; (2) against the Borough under Monell v. Department of Social Services, 436 U.S. 658 (1978); (3) claims under the New Jersey Law Against Discrimination against the Borough for racial discrimination; and (4) NJLAD aiding and abetting claims against defendants Kim and Min and against two proposed new defendants, council member, Stephanie Jang, and former council member, Jae Park.

3. Have settlement discussions taken place? Yes _____ No ___X___

   (a) What was plaintiff's last demand?

   (1) Monetary demand: <u>None to date/premature</u>.
   (2) Non-monetary demand: _____N/A_____

   (b) What was defendant's last offer?

   (1) Monetary offer: <u>None to date</u>
   (2) Non-monetary offer: ____N/A____

4. The parties [have __X__ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

5. The parties [have _____ have not __X__ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

Defendants responded to the complaint by filing a motion to dismiss (ECF No. 5). While that motion was pending, plaintiff sought leave to file the motion for leave to file the first amended complaint which is pending. This delayed production of *Rule* 26 disclosures.

4

    The parties believe that the Defendants' Motion to Dismiss (with revisions based on the newly alleged claims) and Plaintiff's Motion to Amend the Complaint must be heard before Discovery is conducted, but would be prepared to exchange Rule 26 Disclosures within 14 days of the scheduling conference. Defendants assert that all other discovery should be held in abeyance until the Motion to Dismiss is decided.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

    See # 5, above.

7. The parties [have _____ have not __X__] conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects:

    Liability and damages.

    (b) Discovery [should _____ should not __X__] be conducted in phases or be limited to particular issues. Explain.

    The parties believe phased discovery is not necessary and would be inefficient.

    (c) Proposed schedule:
       (1) Fed. R. Civ. P. 26 Disclosures.

         April 8, 2024.

       (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d).

         April 8, 2024

       (3) Service of initial written discovery.

         May 1, 2024

    (4)  Maximum of __25__ Interrogatories by each party to each other party.

    (5)  Maximum of __10__ depositions to be taken by each party.

    (6)  Motions to amend or to add parties to be filed by __October 1, 2024__

.

    (7)  Factual discovery to be completed by.

    December 13, 2024

    (8)  Plaintiff's expert report due on.

    Expert discovery dates to be determined before the close of fact discovery.

    (9)  Defendant's expert report due on.

    Expert discovery dates to be determined before the close of fact discovery.

    (10)  Expert depositions to be completed by .

    Expert discovery dates to be determined before the close of fact discovery.

    (11)  Dispositive motions to be served within 60 days of completion of discovery.

(d) Set forth any special discovery mechanism or procedure requested.

  None.

(e) A pretrial conference may take place on . To be determined by the Court.

(f) Trial date: _____ (__X__ Jury Trial; _____ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _____ No __X__ If so, please explain.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____ No __X__. If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

    Yes. Some documents may need to be held as privilege, but the parties will not know until Discovery is propounded. Parties agree that if a Discovery Confidentiality Order is required, the Order outlined in Appendix S would suffice.

12. Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No ___X___.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    The parties do not believe that arbitration nor mediation would be productive at this time. It may be productive after the completion of depositions.

14. Is this case appropriate for bifurcation? Yes _____ No __X__

15. An interim status/settlement conference (with clients in attendance), should be held in late October 2024

16. We [do _____ do not \_\_\_X\_\_\_] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

Not applicable.

| | |
|---|---|
| s/ Leonard E. Seaman | *[signature]* |
| Richard Malagiere | Mark J. Semeraro |
| Leonard E. Seaman | R. Scott Fahrney |
| THE LAW OFFICES OF RICHARD MALAGIERE | SEMERARO & FAHRNEY, LLC |
| A Professional Corporation | 155 Route 46, Suite 108 |
| 250 Moonachie Road, Suite 300A | Wayne, New Jersey 07470 |
| Moonachie, New Jersey 07074 | T: (973) 988-5070 |
| T: (201) 440-0675 | F: |
| F: (201) 440-1843 | msemeraro@semerarolaw.com; |
| rm@malagierelaw.com | sfahrney@semerarolaw.com |
| les@malagierelaw.com | Attorneys for Defendants |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| | |
| Dated: March 22, 2024 | Dated: March 22, 2024 |