THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

**Richard Malagiere**
*Member NJ & NY Bar*
*Registered Patent Attorney*

250 MOONACHIE ROAD
3rd FLOOR
MOONACHIE, NJ 07074
201.440.0675
FAX: 201.440.1843

100 CHURCH STREET
SUITE 800
NEW YORK, NEW YORK 10007
212.879.5580
FAX: 212.879.5583

**Giancarlo Ghione**
*Member NJ Bar*
**Michael Kahn**
*Registered Patent Agent*
**Leonard E. Seaman**
*Certified Civil Trial Attorney*

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4180
Writer's e-mail: les@malagierelaw.com

June 17, 2024

**VIA CM/ECF**
The Honorable José R. Almonte, U.S.M.J
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
Court Room PO 9
50 Walnut Street
Newark, New Jersey 07101

  Re: **LORENZO v. THE BOROUGH OF PALISADES PARK, NEW JERSEY et al.**
     **Civil Action No.: 2:23-cv-21849-CCC-JRA**

Dear Judge Almonte:

  This office represents plaintiff, David Lorenzo, in the above matter and plaintiff, Austin Ashley, in the related matter discussed herein

  The Court's text order of June 7, 2024 (ECF # 31) directed the parties to meet and confer regarding the consolidation of this matter with <u>Ashley v. Borough of Palisades Park, et al.</u>, Civil Action No. 2:22-cv-06285-CCC-JRA and submit a joint letter indicating the parties' respective positions.

  The defendants in both matters are the Borough of Palisades Park, Chong Paul Kim (the Borough's mayor), Suk "John" Min and Stephanie J. Jang (both current members of the Borough Council), and Jae Park (a former member of the Borough Council).

R. Scott Fahrney, Esq. represents the Borough, Mayor Kim, and Council Member Min in the Lorenzo matter and will be appearing on their behalf in the Ashley matter as well. Roshan Shah, Esq. represents Council Member Jang and former Council Member Park in Lorenzo but has not yet been assigned in the Ashley case.

Counsel have met and conferred and submit the following joint letter.

## STATUS

Procedurally, the status of these case is as follows:

**The Lorenzo Matter**

Under the Court's Order of June 10, 2024 (ECF # 32) defendants' responses to Mr. Lorenzo's first amended complaint are due on or before June 28, 2024.

**The Ashely Matter**

All defendants have been served. Responses to Mr. Ashley's complaint are due from the Borough, Mayor Kim, and Council Members Min and Jang by June 28, 2024 and from former Council Member Park by July 1, 2024.

## POSITIONS ON CONSOLIDATION

**Plaintiffs, Lorenzo and Ashley's, position:**

These matters concern common issues of law and fact. Mr. Lorenzo is the former Business Administrator for the Borough. Mr. Ashely is the former Deputy Business Administrator and Director of Public Works for the Borough. Both allege that they were subjected to adverse employment actions as a result of: (a) their opposition to Council Member Min's candidacy in the 2023 general election; and, (b) ethnic bias the Korean-American defendants harbor against them.

We anticipate Rule 12(b)(6) motions from all defendants in both matters that will raise identical legal theories from the common core set of facts. Discovery will overlap in terms of common events, production of the same or similar documents and duplicative witness testimony.

Consolidation—at least for pre-trial matters—will promote judicial economy and the interests of justice.

**Defendants, Borough of Palisades Park, Mayor Chang, and Council Member Min's, position:**

With regard to the Plaintiff's request for consolidation, we see no reason to do so at this time. While the respective plaintiffs have similar claims, but a clearly separate factual basis for the claims, we seen no reason to consolidate the matters at this time. While the complaints filed are suspiciously identical, Mr. Lorenzo and Mr. Ashley could not have been so joined at the hip that identical events happened to each of them.

Consolidation would only muddy the waters for the purpose of determining what events related to Lorenzo and what events related to Ashley. As such, we respectfully request that the Court keep each matter separate at this time.

Notwithstanding this position, if the Court is so inclined to consolidate these matters, it should be for the purposes of discovery only, and not at the time of trial or Summary Judgment.

**Defendants, Council Member Jang and former Council Member Lee's, position:**

Mr. Shah cannot take a position on consolidation because he does not represent Members Jang and Lee in the *Ashley* action. That said, if the Court is inclined to consolidate these matters, it should be for the purposes of discovery only.

Respectfully,

s/ Leonard E. Seaman
LEONARD E. SEAMAN

LES/me

cc:  R. Scott Fahrney , Jr., Esq. (via CM/ECF)
    Roshan Shah, Esq. (viaCM/ECF)
    clients (via e-mail)