**SEMERARO & FAHRNEY, LLC**
R. Scott Fahrney, Esq. │ SBN # 017182008
155 Route 46, Suite 108
Wayne, New Jersey 07470
TEL. (973) 988-5070
Email sfahrney@semerarolaw.com
Attorneys for Defendant/Counterclaimant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID J. LORENZO,<br><br>               Plaintiff,<br><br>v.<br><br>THE BOROUGH OF PALISADES PARK, NEW JERSEY; CHONG PAUL KIM (individually and in his official capacity as Mayor of the Borough of Palisades Park, New Jersey); SUK "JOHN" MIN (individually and in his official capacity as a member of the Borough Council of Palisades Park, New Jersey); STEPHANIE S. JANG (individually and in her official capacity as a member of the Borough Council of Palisades Park, New Jersey); and JAE PARK (individually and in his official capacity as a member of the Borough Council of Palisades Park, New Jersey)<br>               Defendants. | Civil Action No.: 2:23-CV-21849<br><br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND SEPARATE DEFENSES** |

Defendants, Borough of Palisades Park, Mayor Chong Paul Kim, and Councilman Suk "John" Min (hereinafter referred to as "Answering Defendants") with a principal mailing address 275 Broad Ave, Palisades Park, New Jersey, 07650 provides Answers to the Complaint by Plaintiff, David J. Lorenzo alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the statements asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

2.  The Answering Defendants admit the allegations contained in this paragraph for jurisdictional purposes only.

3.  The Answering Defendants admit the allegations contained in this paragraph for jurisdictional purposes only.

4.  The Answering Defendants admit the allegations contained in this paragraph for jurisdictional purposes only.

5.  The Answering Defendants lack sufficient knowledge upon which to base a belief as to the statements asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

6.  The Answering Defendants lack sufficient knowledge upon which to base a belief as to the statements asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

7.  The Answering Defendants admit the allegations contained in this paragraph for jurisdictional purposes only.

8.  The Answering Defendants admit the allegations contained in this paragraph for jurisdictional purposes only.

9.  The Answering Defendants admit the allegations contained in this paragraph for jurisdictional purposes only.

## **FACTS COMMON TO ALL COUNTS**

10. The Answering Defendants admit the allegations contained in this paragraph.

11. The Answering Defendants admit the allegations contained in this paragraph.

12. The Answering Defendants admit the allegations contained in this paragraph.

13. The Answering Defendants admit that Plaintiff has been employed by the Borough as

Administrator since 2008, but lacks sufficient knowledge upon which to base a belief as to the balance of the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

14. The Answering Defendants admit the allegations contained in this paragraph.

15. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the statements asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

16. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the statements asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

17. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the statements asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

18. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the statements asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

19. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the statements asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

20. The Answering Defendants admit that Defendant Kim and Min are both members of the Democratic Party and that there is nothing unlawful about being politically aligned with another person.

21. Defendant Kim admits at some point he became aware of the duct taped signs but does not

recall where and when the allegations contained in this paragraph.

22. Defendant Kim admits that he sent an email inquiring about the signs believing that some nefarious person was attempting to damage the Democratic Party in Palisades Park, but denies any wrongdoing alleged in this paragraph of the Plaintiff's Amended Complaint.

23. Defendant Kim admits that he sent an email inquiring about the signs believing that some nefarious person was attempting to damage the Democratic Party in Palisades Park, but denies any wrongdoing alleged in this paragraph of the Plaintiff's Amended Complaint.

24. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the statements asserted against them contained in this paragraph of the Plaintiff's Amended Complaint  and, therefore, can neither admit nor deny the same.

25. Defendant Kim admits that he sent an email inquiring about the signs, but denies any wrongdoing alleged in this paragraph of the Plaintiff's Amended Complaint.

26. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint .

27. The Answering Defendants admit that a Rice Notice was issued to Plaintiff regarding a special meeting that was called, but deny that any action was "in concert" or that any action was taken to punish the Plaintiff for his exercise of free speech.

28. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint  and state that the October 26, 2023 Special Meeting was never scheduled.

29. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint .

4

30. The Answering Defendants admit that Defendant Kim asked a Rice Notice to be issued to Plaintiff, but deny that any action was "in concert" or that any action was taken to punish the Plaintiff for his exercise of free speech.

31. The Answering Defendants admit that Defendant Kim asked a Rice Notice to be issued to Plaintiff, but deny that any action was "in concert" or that any action was taken to punish the Plaintiff for his exercise of free speech.

32. The Answering Defendants admit that Defendant Kim asked a Rice Notice to be issued to Plaintiff, but deny that any action was "in concert" or that any action was taken to punish the Plaintiff for his exercise of free speech.

33. The Answering Defendants admit that Defendant Kim asked a Rice Notice to be issued to Plaintiff, but deny that any action was "in concert" or that any action was taken to punish the Plaintiff for his exercise of free speech.

34. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint .

35. The Answering Defendants deny that any actions by the Answering Defendants were taken on "false" or "pretextual" means and therefore deny the allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint .

36. The Answering Defendants admit that the Resolution placing Plaintiff on administrative leave with full pay and benefits passed.

37. The Answering Defendants admit that the Resolution placing Plaintiff on administrative leave with full pay and benefits passed.

38. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint .

39. The Answering Defendants admit that the Plaintiff filed a Verified Complaint and Order to Show Cause in the New Jersey Superior Court, and state that the Plaintiff's Amended Complaint  was swiftly dismissed with prejudice by the Court on January 29, 2024.

40. The Answering Defendants admit that the Plaintiff filed a Verified Complaint and Order to Show Cause in the New Jersey Superior Court, and state that the Plaintiff's Amended Complaint  was swiftly dismissed with prejudice by the Court on January 29, 2024.

41. The Answering Defendants admit that the Plaintiff filed a Verified Complaint and Order to Show Cause in the New Jersey Superior Court, and state that the Plaintiff's Amended Complaint  was swiftly dismissed with prejudice by the Court on January 29, 2024.

42. The Answering Defendants admit that the Plaintiff filed a Verified Complaint and Order to Show Cause in the New Jersey Superior Court, and state that the Plaintiff's Amended Complaint  was swiftly dismissed with prejudice by the Court on January 29, 2024.

43. The Answering Defendants admit that they followed protocol set forth in N.J.S.A. 10:4-15(A) to correct the November 2, 2023 meeting, and the Superior Court concluded that such action was proper under the law when it dismissed the Plaintiff's Prerogative Writ matter with prejudice.

44. The Answering Defendants admit that the Resolution placing Plaintiff on administrative leave with full pay and benefits passed.

45. The Answering Defendants admit that the Resolution placing Plaintiff on administrative leave with full pay and benefits passed.

46. The Answering Defendants admit that the Resolution placing Plaintiff on administrative leave with full pay and benefits passed.

47. The Answering Defendants admit the allegations set forth in this paragraph of the

Plaintiff's Amended Complaint.

48. The Answering Defendants state that this paragraph of the Plaintiff's Amended Complaint is incomprehensible and unintelligible as written.  To the extent that the Court requires an answer, the Answering Defendants admit that its attorneys wrote a letter asking Judge Padovano to issue a written decision on the Plaintiff's Prerogative Writ Matter and state that the same speaks for itself.

49. The Answering Defendants deny the allegations contained in this paragraph of the Plaintiff's Amended Complaint  and assert that the Plaintiff mischaracterizes Judge Padovano's decision of January 29, 2024, finding that the Borough of Palisades Park followed protocol set forth in N.J.S.A. 10:4-15(A) to correct the November 2, 2023 meeting, and the Superior Court concluded that such action was proper under the law when it dismissed the Plaintiff's Prerogative Writ matter with prejudice.

50. The Answering Defendants admit the allegations set forth in this paragraph of the Plaintiff's Amended Complaint .

51. The Answering Defendants state that it is possible that Defendant Kim made said comments, he does not have any independent recollection of the quotes, and without the proper context or a copy of the article, Defendant Kim lacks sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

52. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint .

53. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the

truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

54. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

55. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

56. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

**FIRST COUNT**
**RETALIATION UNDER COLOR OF STATE LAW ON ACCOUNT OF**
**CONSTITUTIONALLY PROTECTED SPEECH OR EXPRESSION**
**(Chong Paul Kim, and Suk "John" Min)**
**(42 U.S.C. § 1983)**

57. The Answering Defendants repeat and incorporate herein all of the answers to the allegations contained herein as if set forth at length.

58. The allegations contained in this paragraph of the Plaintiff's Amended Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

59. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint .

60. The Answering Defendants admit that the Plaintiff's actions in concealing and/or directing

8

others to conceal the name of Councilman Min were not related to his job responsibilities as Borough Administrator, but deny that this was the reason he was terminated from his position.

61. The allegations contained in this paragraph of the Plaintiff's Amended Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

62. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

63. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

64. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

65. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

66. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint .

67. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

68. The allegations contained in this paragraph of the Plaintiff's Amended Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

69. The allegations contained in this paragraph of the Plaintiff's Amended Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

70. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint .

71. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint .

**WHEREFORE**, the Answering Defendants demand judgment in their favor, dismissing all claims asserted against them and seek to be awarded attorney's fees, cost of suit, interest along with any other remedy the court deems appropriate.

**SECOND COUNT**
**GOVERNMENTAL POLICY OR PROCEDURE TO VIOLATE CIVIL RIGHTS -**
***MONELL v. DEPARTMENT OF SOCIAL SERVICES*, 436 U.S. 658 (1978)**
**(Borough of Palisades Park)**

72. The Answering Defendants repeat and incorporate herein all of the answers to the allegations contained herein as if set forth at length.

73. The allegations contained in this paragraph of the Plaintiff's Amended Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

74. The allegations contained in this paragraph of the Plaintiff's Amended Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the

extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

75. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

76. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

77. The allegations contained in this paragraph of the Plaintiff's Amended Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

**WHEREFORE**, the Answering Defendants demand judgment in their favor, dismissing all claims asserted against them and seek to be awarded attorney's fees, cost of suit, interest along with any other remedy the court deems appropriate.

### THIRD COUNT
### COMMON LAW CONSPIRACY TO VIOLATE CIVIL RIGHTS
#### (Chong Paul Kim, and Suk "John" Min)

78. The Answering Defendants repeat and incorporate herein all of the answers to the allegations contained herein as if set forth at length.

79. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

80. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

81. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

82. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

83. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

84. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

**WHEREFORE**, the Answering Defendants demand judgment in their favor, dismissing all claims asserted against them and seek to be awarded attorney's fees, cost of suit, interest along with any other remedy the court deems appropriate.

### FOURTH COUNT
### NEW JERSEY LAW AGAINST DISCRIMINATION, *N.J.S.A.* 10:5-1 to -49
### "Natural Origin Cleansing"
### (Borough of Palisades Park)

85. The Answering Defendants repeat and incorporate herein all of the answers to the allegations contained herein as if set forth at length.

86. The allegations contained in this paragraph of the Plaintiff's Amended Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

87. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

88. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

89. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

90. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

91. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

**WHEREFORE**, the Answering Defendants demand judgment in their favor, dismissing all claims asserted against them and seek to be awarded attorney's fees, cost of suit, interest along with any other remedy the court deems appropriate.

**FIFTH COUNT**
**AIDING AND ABETTING NEW JERSEY LAW AGAINST**
**DISCRIMINATION, *N.J.S.A.* 10:5-1 to -49**
**"Natural Origin Cleansing"**
**(Chong Paul Kim, Suk "John" Min Stephanie Jang and Jae Park)**

91. The Answering Defendants repeat and incorporate herein all of the answers to the allegations contained herein as if set forth at length.

92. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

93. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

94. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

95. The allegations contained in this paragraph of the Plaintiff's Amended Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the

extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

96. The allegations contained in this paragraph of the Plaintiff's Amended Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants admit that Defendant Kim and Min are officials of the Borough of Palisades Park, but deny all remaining allegations asserted against them.

97. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

98. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

99. The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

100.      The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

101.      The Answering Defendants deny all allegations asserted against them contained in this paragraph of the Plaintiff's Amended Complaint.

**WHEREFORE**, the Answering Defendants demand judgment in their favor, dismissing all claims asserted against them and seek to be awarded attorney's fees, cost of suit, interest along with any other remedy the court deems appropriate.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Amended Complaint fails to state a claim against the Answering Defendants upon which relief can be granted.

### SECOND SEPARATE DEFENSE

While denying all the allegations of Plaintiff's Amended Complaint regarding liability, injury, and damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any injuries and/or damages, any such damages were not proximately related to any act or omission of the Answering Defendants.

### THIRD SEPARATE DEFENSE

While denying all the allegations of Plaintiff's Amended Complaint regarding liability, injury, and damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any injuries and/or damages, any such damages were caused by the acts or omissions of third parties over whom the Answering Defendants had no control or right of control and for whom the Answering Defendants are not liable.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred, or at the very least the damages claimed must be reduced, by virtue of comparative negligence and the provisions of the Comparative Negligence Act, N.J.S.A. 2A:15-5, et seq.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, unclean hands, and laches.

**SIXTH SEPARATE DEFENSE**

Plaintiff's claims are barred because Answering Defendants are entitled to qualified immunity from suit or judgment.

**SEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred because Answering Defendants acted on reasonable grounds and without malice, and therefore are not responsible in damages to Plaintiff.

**EIGHTH SEPARATE DEFENSE**

Plaintiff's claims are barred because Answering Defendants' actions/statements were based in truth in substance and fact.

**NINTH SEPARATE DEFENSE**

Plaintiff's claims are barred because of absolute privilege.

**TENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, and/or to the extent Plaintiff may be able to prove any injuries and/or damages, Answering Defendants' liability is reduced, due to the indemnity and contribution of other named parties and/or third parties.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**TWELFTH SEPARATE DEFENSE**

Plaintiff's claims are barred because Answering Defendants' communications included opinions that cannot be the subject of an action at law.

**THIRTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred due to Plaintiff's failure to mitigate damages.

**FOURTEENTH SEPARATE DEFENSE**

The Answering Defendants are entitled to good faith immunity, and/or any other immunities under the law.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Amended Complaint is barred by virtue of his failure to file a timely tort claims notice pursuant to *N.J.S.A. 59:8-8 and 59:8-9*.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Amended Complaint is barred due to his failure to provide an adequate notice of claim as prescribed by *N.J.S.A. 59:8-4, 59:8-5 and 59:8-6*.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:2-3.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:2-4.

### NINETEENTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:2-5.

### TWENTIETH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:2-6.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:3-2.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:3-3.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:3-5.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:3-6.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:3-7.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:4-1.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:4-2.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:4-3.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:4-4.

### THIRTIETH AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:4-6.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claim of the Plaintiff is barred by N.J.S.A. 59:4-6.7.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The recovery of the Plaintiff, if any, shall be limited to N.J.S.A. 59:9-2.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The recovery of the Plaintiff, if any, shall be limited to N.J.S.A. 59:9-3.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Answering Defendants are immune from suit.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff had no property to right to his employment with the Borough and his position was one of political patronage.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's inequitable behavior.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional defenses based on information obtained during the course of discovery.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1(c), Mark J. Semeraro, Esq., is hereby designated as trial counsel in the within matter.

**Semeraro & Fahrney, LLC**
Attorneys for Defendants

Dated: June 28, 2024                    By:_____
                                                    R. Scott Fahrney, Esq.,

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any other court or arbitration proceeding.  To the best of my knowledge and belief, no other parties should be joined in the above action.

**Semeraro & Fahrney, LLC**
Attorneys for Defendants

Dated: June 28, 2024                    By:_____
                                                    R. Scott Fahrney, Esq.,  2:

19