ROSHAN D. SHAH, ESQ. (042302009)
RYAN M. FARRELL, ESQ. (276372018)
**ANDERSON & SHAH, LLC**
**ATTORNEYS AT LAW**
1040 Broad Street, Suite 304
Shrewsbury, NJ 07702
Telephone: (732) 398-6545
Facsimile: (732) 576-0027
*Attorneys for Defendants Stephanie S. Jang and Jae Park*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| DAVID J. LORENZO, <br><br> Plaintiff, <br><br> v. <br><br> BOROUGH OF PALISADES PARK, NEW JERSEY et al. <br><br> Defendants. | Hon. Claire C. Cecchi, U.S.D.J. <br><br> Civil Action No. 23-21849 (CCC) (JRA) <br><br> CIVIL ACTION <br><br> **DEFENDANT STEPHANIE S. JANG & JAE PARK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants Stephanie S. Jang and Jae Park, by and through their attorneys, Anderson & Shah, LLC, hereby asserts their Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff David J. Lorenzo ("Plaintiff"):

**PARTIES, JURISDICTION, AND VENUE**

1. Admitted that Lorenzo was the Borough Administrator. The Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph and, thus, must deny them.

2. Admitted.

3. Admitted.

4. Admitted only that Defendant Suk "John" Min currently serves as a member of the Palisades Park Borough Council and was appointed in or about January 2023 to

1

the same. Defendants are presently without knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and thus, must deny them.

5. Admitted.

6. Admitted.

7. Admitted that jurisdiction is proper. The remaining allegations in this paragraph are denied.

8. Admitted that jurisdiction is proper. The remaining allegations in this paragraph are denied.

9. Admitted that venue is proper. The remaining allegations in this paragraph are denied.

## FACTS COMMON TO ALL COUNTS

10. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that a response is required, Defendants admit only that the referenced statute speaks for itself and deny the remaining allegations.

11. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that a response is required, Defendants admit only that the referenced statute speaks for itself and deny the remaining allegations.

12. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that a response is required, Defendants admit only that the referenced statute speaks for itself and deny the remaining allegations.

13. Denied.

14. Admitted that any resolution and/or roll call vote of the Borough Council referenced in this paragraph speaks for itself. The remainder of the allegations are denied.

15. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

16. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

17. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

18. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

19. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

20. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

21. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

22. The contents of any e-mail speak for themselves. To the extent the allegations in this paragraph are inconsistent with the contents, they are denied. The remaining allegations in this paragraph are also denied.

23. The contents of any e-mail speak for themselves. To the extent the allegations in this paragraph are inconsistent with the contents, they are denied. The remaining allegations in this paragraph are also denied.

24. The contents of any e-mail speak for themselves. To the extent the allegations in this paragraph are inconsistent with the contents, they are denied. The remaining allegations in this paragraph are also denied.

25. The contents of any e-mail speak for themselves. To the extent the allegations in this paragraph are inconsistent with the contents, they are denied. The remaining allegations in this paragraph are also denied.

26. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

27. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

28. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

29. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

30. The contents of any e-mail speak for themselves. To the extent the allegations in this paragraph are inconsistent with the contents, they are denied. The remaining allegations in this paragraph are also denied.

31. The contents of any e-mail speak for themselves. To the extent the allegations in this paragraph are inconsistent with the contents, they are denied. The remaining allegations in this paragraph are also denied.

32. The contents of any e-mail speak for themselves. To the extent the allegations in this paragraph are inconsistent with the contents, they are denied. The remaining allegations in this paragraph are also denied.

33. Defendants are without sufficient information to admit or deny the allegations in this paragraph and, thus, must deny them.

34. Denied.

35. Denied.

36. Admitted only that the roll call vote for the resolution referenced in this paragraph speaks for itself. The remaining allegations in this paragraph are denied.

37. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent a response is required, Defendants admit only that the roll call vote and resolution referenced in this paragraph both speak for themselves and deny the remaining allegations in this paragraph.

38. Denied.

39. Admitted only that any legal action referenced in this complaint speaks for itself. The remaining allegations in this paragraph are denied.

40. Admitted only that any legal action referenced in this complaint speaks for itself. The remaining allegations in this paragraph are denied.

41. Admitted only that any judicial order referenced in this paragraph speaks for itself. The remaining allegations in this paragraph are denied.

42. Admitted only that any judicial order referenced in this paragraph speaks for itself. The remaining allegations in this paragraph are denied.

43. Admitted only that a meeting of the governing body was called for December 31, 2023. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and thus, must deny them.

44. Admitted only any resolution referenced in this paragraph speaks for itself. The remaining allegations in this paragraph are denied.

45. Admitted only that any roll call vote referenced in this paragraph speaks for itself. The remaining allegations in this paragraph are denied.

46. Admitted only that any roll call vote referenced in this paragraph speaks for itself. The remaining allegations in this paragraph are denied.

47. Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph, and thus, must deny them.

48. The remaining allegations in this paragraph are denied.

49. Admitted only that the any judicial order referenced in this paragraph speaks for itself. The remaining allegations in this paragraph are denied.

50. Admitted only that any resolution or roll call vote referenced in this paragraph speaks for themselves. The remaining allegations in this paragraph are denied.

51. Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph, and thus, must deny them.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph, and thus, must deny them.

**FIRST COUNT**
**RETALIATION UNDER COLOR OF STATE LAW ON ACCOUNT OF CONSTITUTIONALLY PROTECTED SPEECH OR EXPRESSION**
**(Chong Paul Kim and Suk "John" Min)**
**(42 U.S.C. § 1983)**

57. Defendants hereby repeat their responses contained in the preceding paragraphs and incorporate them by reference as if they were fully set forth herein.

58. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent that a response is required, Defendants admit only that the referenced statute speaks for itself, and deny all allegations against them.

59. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

60. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

61. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

62. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

63. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

64. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

65. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

66. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent that a response is required, Defendants deny the allegations and specifically deny any allegations of wrongdoing against them.

67. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent that a response is required, Defendants deny the allegations and specifically deny any allegations of wrongdoing against them.

68. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent that a response is required, Defendants deny the allegations and specifically deny any allegations of wrongdoing against them.

69. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent that a response is required, Defendants deny the allegations and specifically deny any allegations of wrongdoing against them.

70. Denied.

71. Denied.

**WHEREFORE**, Defendants pray for judgment in their favor, including dismissal of the Amended Complaint with prejudice and an award of costs and attorneys' fees.

## SECOND COUNT
### GOVERNMENTAL POLICY OR PROCEDURE TO VIOLATE CIVIL RIGHTS – *MONELL v. DEPARTMENT OF SOCIAL SERVICES*, 436 U.S. 658 (1978)
**(Borough of Palisades Park)**

72. Defendants hereby repeat their responses contained in the preceding paragraphs and incorporate them by reference as if they were fully set forth herein.

73. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph and specifically deny any allegations of wrongdoing against them.

74. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent that a response is required, Defendants deny the

allegations in this paragraph and specifically deny any allegations of wrongdoing against them.

75. Denied.

76. Denied.

77. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph and specifically deny any allegations of wrongdoing against them.

**WHEREFORE**, Defendants pray for judgment in their favor, including dismissal of the Amended Complaint with prejudice and an award of costs and attorneys' fees.

## THIRD COUNT
## COMMON LAW CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (Chong Paul Kim, and Suk "John" Min)

78. Defendants hereby repeat their responses contained in the preceding paragraphs and incorporate them by reference as if they were fully set forth herein.

79. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

80. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

81. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

82. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent that any allegations are directed at Defendants, Defendants deny the allegations in this paragraph and specifically deny any allegations of wrongdoing against them.

83. Denied.

84. Denied.

**WHEREFORE**, Defendants pray for judgment in their favor, including dismissal of the Amended Complaint with prejudice and an award of costs and attorneys' fees.

## FOURTH COUNT
## NEW JERSEY LAW AGAINST DISCRIMINATION, *N.J.S.A.* 10:5-1 to -49
### "Natural Origin Cleansing"
### (Borough of Palisades Park)

85. Defendants hereby repeat their responses contained in the preceding paragraphs and incorporate them by reference as if they were fully set forth herein.

86. The allegations in this paragraph set forth a legal conclusion for which no response is required. To the extent that any allegations are directed at Defendants, Defendants deny the allegations in this paragraph and specifically deny any allegations of wrongdoing against them.

87. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that a response is required, Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and thus, must deny them.

88. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

89. The allegations in this paragraph are not directed at Defendants and therefore no response is required. To the extent that any allegations are directed at Defendants, they are denied.

90. Denied.

91. Denied.

**WHEREFORE**, Defendants pray for judgment in their favor, including dismissal of the Amended Complaint with prejudice and an award of costs and attorneys' fees.

## FOURTH COUNT
## NEW JERSEY LAW AGAINST DISCRIMINATION, *N.J.S.A.* 10:5-1 to -49
## "Natural Origin Cleansing"
## (Borough of Palisades Park)

91 (sic). Defendants hereby repeat their responses contained in the preceding paragraphs and incorporate them by reference as if they were fully set forth herein.[1]

92. Denied.

93. Denied.

94. Denied.

95. This allegations in this paragraph contain a legal conclusion for which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph and specifically deny all allegations of misconduct against them.

96. Denied.

97. Denied.

98. Denied.

---

[1] Plaintiff's Amended Complaint labels this paragraph no. 91 instead of paragraph no. 92. For ease of reference, Defendants address each of Plaintiff's allegations as they appear on their pleading.

11

99. Denied.

100. Denied.

101. Denied.

## PRAYER FOR RELIEF

Defendants deny the Plaintiff is entitled to any of the relief sought. Instead, Defendants pray for judgment in their favor, including dismissal of the Amended Complaint with prejudice and an award of costs and attorneys' fees.

Any allegations that have not been specifically admitted are hereby denied, including those un-numbered allegations in the Amended Complaint's headings and subheadings.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint is barred, in whole or in part, as it fails to state a claim upon which relief may be granted.

2. Recovery is barred, in whole or in part, because Defendants, at all relevant times, acted in good faith, without malice, and had reasonable grounds for believing their actions complied with all agreements and applicable law.

3. The service of the Summons and Complaint upon Defendants was insufficient.

4. Defendants were not negligent and did not breach any duty owed to Plaintiff or any party to this action.

5. Defendants acted consistent with their legal responsibilities.

6. Defendants are entitled to qualified and/or absolute immunity.

7. Defendants are entitled to legislative immunity.

8. Defendants were not joint tortfeasors and are not liable for contribution or indemnification to any other party.

9. Negligence, if any, on the part of Defendants was not the proximate cause of any injuries which may have been sustained by Plaintiff.

10. Plaintiff's damages, if any, were actually and proximately caused by the actions of persons and/or entities over whom Defendants exercised no control.

11. Plaintiff's Amended Complaint is barred by his failure to mitigate his alleged damages.

12. Plaintiff did not engage in any protected activity.

13. Recovery is barred, in whole or in part, based on the applicable statute of limitations, the doctrine of laches, and/or any other applicable limitation on the period of time in which such claims may be instituted.

14. Plaintiff's claims are barred by the doctrines of res judicata, waiver, estoppel, laches, unclean hands and/or acquiescence.

15. Recovery is barred, in whole or in part, based on the affirmative defenses articulated in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Aguas v. State of New Jersey*, 220 N.J. 494 (2015).

16. Defendants have not deprived Plaintiff of any right, privilege or immunity secured to him by the New Jersey Constitution and laws of the State of New Jersey.

17. Defendants have not deprived Plaintiff of any right, privilege or immunity secured to him by the United States Constitution or federal law.

18. Recovery in this action may be barred by the doctrine of judicial estoppel.

19. Defendants did not act under color of state law with an intent to deprive Plaintiff of his rights.

20. Plaintiff was not subjected to disparate treatment.

21. The Amended Complaint and the proceedings resulting therefrom and any recovery resulting therefrom is barred, limited and/or controlled by all provisions of the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1-1 through 59:12-3, as if each section, provision, defense, and immunity was listed herein separately, particularly, and at length.

22. Recovery is barred, in whole or in part, because all conduct and actions of Defendants were wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

23. Any actions taken by Defendants did not discriminate against Plaintiff on the basis of his status in any protected class.

24. Defendants did not retaliate against Plaintiff.

25. Recovery is barred, in whole or in part, based on the principles articulated in *Winters v. N. Hudson Reg'l Fire & Rescue*, 212 N.J. 67, 72 (2012).

26. Defendants hereby incorporate all affirmative defenses that have been or will be pled by any other party in this action to the extent these defenses are applicable to it.

27. Plaintiff's claims are barred by the entire controversy doctrine, as Plaintiff failed to assert cross-claims against Defendants in a related action arising out of the same transaction or occurrence as the present matter.

28. Defendants reserve the right to assert additional affirmative defenses in the future.

## RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move to dismiss the Amended Complaint, move for judgment on the pleadings, and/or move for summary judgment, on the grounds that the Amended Complaint fails to state a claim upon which relief can be granted and/or Defendants are entitled to judgment as a matter of law.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury for all issues of fact.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Roshan D. Shah, Esq. is hereby designated as trial counsel.

**ANDERSON & SHAH, LLC**
**ATTORNEYS AT LAW**
*Attorneys for Stephanie Jang and Jae Park*

Dated: July 31, 2024

By: */s/Roshan D. Shah*
Roshan D. Shah, Esq.

**CERTIFICATION OF SERVICE**

      I hereby certify that the foregoing pleading was filed with the Clerk of the United States District Court for the District of New Jersey and a copy was served upon all counsel of record via CM/ECF. I certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated: July 31, 2024                                            */s/Roshan D. Shah*
                                                                               ROSHAN D. SHAH, ESQ.