

Mark J. Semeraro †
R. Scott Fahrney
Gregory K. Asadurian

Sean M. Kiley †
Stephen G. Piccininni
Megan H. McMurtrie
Samantha L. Giblin †

Richard A. Herman, *Of Counsel*
Scott L. Carlson, *Of Counsel*

†Licensed in NY

155 Route 46, Suite 108
Wayne, New Jersey 07470

Telephone: 973-988-5070
Facsimile:   973-988-5533

90 E. Halsey Road, Suite 333
Parsippany, New Jersey 07054
Telephone: 973-988-5070

225 West 35th Street, 5th Floor
New York, New York 10001

Reply to:
Stephen G. Piccininni, Esq.
spiccininni@semerarolaw.com
Direct Dial: 973-988-5862

July 15, 2026

<u>VIA ECF</u>
Hon. José R. Almonte, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
Court Room PO 9
50 Walnut Street
Newark, New Jersey 07101

> RE:   **Lorenzo v. Borough of Palisades Park, *et al.***
>        **Docket No.: 2:23-cv-21849-CC-JRA**
>
>        **Ashley v. Borough of Palisades Park, *et al.***
>        **Docket No.: 24-cv-6285-CCC-JRA**

Dear Judge Almonte:

As you are aware, this office represents Defendants, the Borough of Palisades Park, Mayor Chong Paul Kim, and Councilman Suk "John" Min, (the "Borough Defendants"), with regard to the above matter, which has been consolidated for discovery purposes only. Plaintiffs David J. Lorenzo and Austin Ashley are represented by Richard Malagiere, Esq. Co-Defendants Stephanie Jang and Jae Park are represented by Roshan Shah, Esq.

Please accept this joint letter on behalf of all parties to provide the Court with the current status of fact discovery, expert discovery, and settlement efforts in these matters, in advance of the July 22, 2026 settlement conference currently scheduled. For the reasons set forth below, we believe a short postponement of that conference may be necessary.

**Party Depositions.** The Ninth Amended Scheduling Order extended fact discovery through June 5, 2026, for completion of the remaining depositions. All party depositions have now been completed except for the continuation of Mayor Chong Paul Kim's deposition. Plaintiff Austin J. Ashley was deposed on March 11, 2026; Plaintiff David J. Lorenzo was deposed on March 19, 2026; Mayor Kim was deposed on May 13, 2026; Defendant Suk "John" Min was

deposed on May 21, 2026; Defendant Stephanie S. Jang was deposed on June 10, 2026; and Defendant Jae Park was deposed on June 17, 2026. The Jang and Park depositions proceeded by agreement after June 5.

**Continuation of Mayor Kim's Deposition.** Mayor Kim's May 13 deposition was adjourned before completion after approximately 4.5 hours of questioning. Defendants understand that Plaintiff requests the Mayor be subject to an additional 2.5 hours of questioning, per the 7 hours federal deposition limit. Parties believe this should be sufficient.

Following the May 13 session, Plaintiffs proposed June 3 or June 4, 2026, to complete the deposition. On June 1, Plaintiffs' counsel advised that he could not proceed on June 3 because of other matters and requested alternative dates.

Defendants thereafter offered June 26, June 29, and June 30. Plaintiffs' counsel advised that he could not do those dates as he would be away on a pre-planned vacation from June 27 through July 7.

On June 17, 2026, Defendants thereafter offered July 9 or July 10 for Mayor Kim's deposition. On June 25, 2026, after Plaintiff's counsel was not able to to confirm whether July 9 or 10 would work because of other emergent matters, unfortunately the deposition was not scheduled due to counsel's scheduling conflicts.  At present, this deposition is unscheduled but parties are still conferring to find dates all parties can complete this deposition.

**Outstanding Post Deposition Discovery.** Defendants Borough of Palisades Park, Mayor Kim, and Mr. Min served post deposition requests on Plaintiff Ashley on March 18, 2026, and on Plaintiff Lorenzo on March 24, 2026. The requests seek requests subject to what Plaintiffs' testified to at their deposition, including, among other things, documents concerning earnings, mitigation and job searches, compensation, certain communications and native electronic files, and, as to Mr. Lorenzo, treatment records and authorizations relating to claimed damages. The requests called for written responses within thirty days. As of the date of this letter, Plaintiffs have not served responses, objections, or responsive documents. Defendants raised the outstanding requests to Plaintiff's counsel after each of the subsequent depositions and followed up in writing in May and again on June 17, but have not received a response or a date certain for production. Plaintiff expects to provide full and complete responses to these requests no later than July 31, 2026.

**Expert Discovery.** The Ninth Amended Scheduling Order (ECF No. 79) set July 6, 2026, for affirmative expert reports, August 6, 2026, for responding expert reports, and September 7, 2026, for completion of expert discovery. In the parties' April 29, 2026 joint status report (ECF No. 78), Plaintiffs advised that their economic expert, Kristin K. Kucsma, M.A., had received the information requested to complete an economic damages analysis and that a report was expected within forty-five days. Ms. Kucsma has not completed her analysis at this and plaintiffs' counsel has pending request for status updates that should be provided before the conference date. No expert reports have been exchanged as of the date of this letter. Defendants state that their responding economic expert cannot complete the necessary analysis until Plaintiffs serve their

expert report and provide the outstanding damages and mitigation discovery. The current expert deadlines therefore require revision.

**Settlement and Mediation.** At the last case management conference, the parties discussed private mediation as a possible means of resolving these matters. Plaintiffs were agreeable to mediation but advised that they wished first to complete the party depositions and obtain their expert report. Counsel thereafter discussed Judge Mecca and Judge Polifroni as possible private mediators, and on June 2 Plaintiffs' counsel advised that his office would contact Judge Polifroni regarding a retainer and available dates. Plaintiffs' counsel reached out to Judge Polifroni's office for a retainer agreement and available mediation dates, but no private mediation has been scheduled or conducted. Defendants have advised that the outstanding post deposition discovery is needed both for their expert analysis and for a meaningful settlement evaluation. The parties remain scheduled to participate in the Court's settlement conference on July 22, 2026. However, that may be premature due to the outstanding fact and expert discovery.

**Requested Scheduling Relief.** The parties respectfully request that the Court address a limited extension of fact discovery solely to complete Mayor Kim's deposition and Plaintiffs' responses to the outstanding post deposition requests, together with a corresponding revision of the expert report and expert discovery deadlines. The parties have conferred and propose the following dates:

1. Fact Discovery extended to August 17, 2026;

2. Affirmative expert reports extended to September 14, 2026;

3. Responding expert extended to October 30, 2026; and

4. Expert discovery extended to December 14, 2026.

Parties will continue to confer and will be prepared at the July 22 settlement conference to discuss these dates. However, provided the status of discovery and expert reports, parties request a postponement of that July 22 settlement conference until after expert reports and mediation is complete.

I thank Your Honor for your time and attention to this matter. Should Your Honor have any questions please do not hesitate to have a member of staff contact my office.

Respectfully Submitted,

R. Scott Fahrney, Esq.,